UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 08-141-GWU

JONI PRIVETT,                                                                                          PLAINTIFF,

VS.                       **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

## INTRODUCTION

Joni Privett brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

08-141  Joni Privett

>   Impairments).  If so, disability is conclusively presumed and benefits are awarded.
>
> 4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.
>
> 5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating

08-141 Joni Privett

physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

3

08-141 Joni Privett

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to

make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition,

a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Privett, a 49-year-old former secretary and school bus driver with a high school equivalent education, suffered from impairments related to lumbosacral degenerative disc disease.  (Tr. 11, 16-17).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of sedentary level work.  (Tr. 13).  Since the claimant was found to be able to return to her past relevant work as a secretary as well as perform a significant number of other jobs in the economy, she could not be considered totally disabled.  (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

In determining that Privett could return to her past work, the ALJ relied heavily upon the opinion of Vocational Expert Kenneth Manges.  The hypothetical question initially presented by the ALJ included a limitation to sedentary level work restricted from a full range by such non-exertional limitations as (1) an inability to

stand, bend, or walk for more than two hours in an eight-hour day with the ability to then sit for five minutes; (2) an inability to sit for more than six hours in an eight-hour day in intervals of 30 minutes with the need to then stand for two to three minutes; (3) an inability to more than occasionally stoop, kneel, crouch, and climb ramps or stairs; (4) an inability to ever crawl or climb ladders, ropes or scaffolds; (5) a need to avoid work requiring exposure to unprotected heights or hazardous machinery; and (6) an inability to perform work requiring forceful use of the legs. (Tr. 43). In response, Manges testified that such a person would still be able to perform Privett's past work as a secretary. (Id.). The expert also identified a significant number of other jobs which could be performed. (Tr. 44). The plaintiff's representative later presented a hypothetical question incorporating the physical restrictions identified by Dr. John Kelly in Exhibit 20F. (Tr. 45). Due in large part to the combination of Dr. Kelly's standing, walking and sitting limitations precluding an eight-hour day, Manges indicated that no jobs could be done. (Tr. 46). The expert was also asked to consider the restrictions of Dr. Donald Price from Exhibit 22F which were essentially the same as those of Dr. Kelly. (Id.). Once again, Manges indicated that all work would be precluded. (Id.). The ALJ relied upon the first hypothetical question to provide support for the administrative decision.

The ALJ rejected the opinions of Dr. Kelly and Dr. Price, each of whom was a treating source, and ultimately based the administrative decision on the opinion

08-141 Joni Privett

of Dr. James Ramsey, a non-examining medical reviewer. (Tr. 15). The court notes that at least some objective evidence supports the opinion of the treating physicians. L4-L5 disc herniation and L5 facet arthropathy were cited in support of the restrictions. (Tr. 396-398, 415-417). The ALJ notes that Dr. Kelly, in September of 2006 and January of 2007, stated that he did not believe that the plaintiff would qualify for SSI as a reason for rejecting the doctor's September, 2007 restrictions. (Tr. 15). However, Dr. Kelly is not a vocational expert and, so, his later _specific_ physical limitations would not necessarily be inconsistent with the earlier opinion regarding SSI eligibility.

Social Security Ruling 96-6p indicates that an ALJ may rely upon the opinion of a non-examiner over that of a treating source when the non-examiner's opinion is based upon the review of a _complete_ record which includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than that which was available to the treating source. In the present action, Dr. Ramsey saw the record in October of 2006. (Tr. 379). He did not have the opportunity to see and comment upon the treatment records and functional capacity assessments obtained after this date from Dr. Kelly (Tr. 396-412) and Dr. Price (Tr. 415-417). Furthermore, the only specialist of record to examine the claimant was Dr. Kelly, a neurologist. (Tr. 406). Therefore, the

08-141  Joni Privett

evidence was insufficient for the ALJ to reject the opinions of the examining sources and a remand of the action for further consideration will be required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion to this extent and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 10th day of June, 2009.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**